NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

KA 11-235 consolidated with KA 11-641

STATE OF LOUISIANA

VERSUS

LUCAS A. STEWART

**********

APPEAL FROM THE
THIRTIETH JUDICIAL DISTRICT COURT
PARISH OF VERNON, NOS. 78127 and 78128
HONORABLE VERNON BRUCE CLARK, DISTRICT JUDGE

**********

JIMMIE C. PETERS
JUDGE

**********

Court composed of Sylvia R. Cooks, Oswald A. Decuir, and Jimmie C. Peters, Judges.

CONVICTIONS AND SENTENCES AFFIRMED.
MOTION TO WITHDRAW GRANTED.

Hon. Asa Allen Skinner
District Attorney, 30th JDC
P. O. Box 1188
Leesville, LA 71496-1188
(337) 239-2008
COUNSEL FOR APPELLEE:
        State of Louisiana

Terry Wayne Lambright
Attorney at Law
118 S. Third St., Suite A

Leesville, LA 71446
(337) 239-6557
COUNSEL FOR APPELLEE:
    State of Louisiana

Edward Kelly Bauman
Louisiana Appellate Project
P. O. Box 1641
Lake Charles, LA 70602-1641
(337) 491-0570
COUNSEL FOR DEFENDANT/APPELLANT:
    Lucas A. Stewart

PETERS, Judge.

In February of 2010, and by separate bills of information, the State of Louisiana charged the defendant, Lucas A. Stewart, with two counts of distribution of cocaine, violations of La.R.S. 40:967(A)(1). In October of 2010, the defendant entered guilty pleas to both charges. In each case, the state agreed to recommend a sentencing cap of twenty years at hard labor. In December of 2010, the trial court sentenced the defendant to serve twenty years at hard labor on one of the two counts and to pay a $2,500.00 fine. At the same time, the trial court sentenced the defendant to serve eighteen years at hard labor on the remaining count and to pay a $1,500.00 fine. The trial court ordered the sentences to run concurrently with each other. After the trial court rejected the defendant's motions to reconsider both sentences, the defendant's counsel filed these consolidated appeals pursuant to *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396 (1967). For the following reasons, we affirm the convictions and sentences in both cases and grant the motion of the defendant's counsel to withdraw from continuing to represent the defendant.

In the consolidated appeals, and pursuant to *Anders*, the defendant's counsel asserted in the appellate brief he has reviewed the record and found no errors that, on appeal, would support the reversal of the defendant's convictions and sentences. In conjunction with that assertion, the defendant's counsel asked to be released from his obligation to continue to represent the defendant.

In *State v. Benjamin*, 573 So.2d 528, 531 (La.App. 4 Cir. 1990), the fourth circuit set forth the reviewing court's obligations under the *Anders* analysis as follows:

> When appointed counsel has filed a brief indicating that no non-frivolous issues and no ruling arguably supporting an appeal were found after a conscientious review of the record, *Anders* requires that counsel move to withdraw. This motion will not be acted on until this court performs a thorough independent review of the record after providing the appellant an opportunity to file a brief in his or her own behalf. This court's review of the record will consist of (1) a review of the bill of information or indictment to insure the defendant was properly charged; (2) a review of all minute entries to insure the defendant was present at

all crucial stages of the proceedings, the jury composition and verdict were correct and the sentence is legal; (3) a review of all pleadings in the record; (4) a review of the jury sheets; and (5) a review of all transcripts to determine if any ruling provides an arguable basis for appeal. Under C.Cr.P. art. 914.1(D) this Court will order that the appeal record be supplemented with pleadings, minute entries and transcripts when the record filed in this Court is not sufficient to perform this review.

Pursuant to *Anders* and *Benjamin*, we have performed a thorough review of the record, including the pleadings, the minute entries, the charging instruments, and the transcripts. The defendant was properly charged by bills of information, was present and represented by counsel at all crucial stages of the proceedings, and entered free and voluntary guilty pleas after properly being advised of his rights in accordance with *Boykin v. Alabama*, 395 U.S. 238, 89 S.Ct. 1709 (1969). Additionally, the defendant received legal sentences.

Having found no issues that would support an assignment of error on appeal, we affirm the defendant's convictions and sentences and grant his counsel's motion to withdraw as his legal representative in these matters.

**CONVICTIONS AND SENTENCES AFFIRMED.**
**MOTION TO WITHDRAW GRANTED.**

This opinion is NOT DESIGNATED FOR PUBLICATION.
Uniform Rules—Courts of Appeal, Rule 2-16.3.